IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 96-10319
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK EDWARD TAYLOR, also known as Ski,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-301-G
- - - - - - - - - -
October 24, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Frank Taylor has appealed from his conviction, based on his guilty plea, of conspiracy to possess cocaine with intent to distribute it. We AFFIRM.

Taylor is not entitled to relief because, at his rearraignment, the district court misstated the maximum prison term imposable and did not state the mandatory minimum; and did not state the possible penalties for an object of the conspiracy, stated in the indictment, which did not involve Taylor. The

———————————

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, particularly the plea agreement which he signed, and which he testified was correct, shows that the district court's said errors had no influence on his decision to plead guilty. Moreover, the record shows that Taylor entered his plea voluntarily and with the requisite understanding. See United States v. Johnson, 1 F.3d 296, 298-303 (5th Cir. 1993) (en banc).

Taylor also is not entitled to relief on grounds that, at rearraignment, the court did not advise him of his right to plead not guilty. He had pleaded not guilty earlier, and he requested the rearraignment in order to change his plea to guilty.

Nor is Taylor entitled to relief on grounds that he responded only with "yes" answers to the court's questions concerning the plea agreement which he and his counsel signed. He does not now contend that those answers, made under oath, were untruthful, and the record does not reveal any reason to believe that they were. See United States v. Diaz, 733 F.2d 371, 373-74 (5th Cir. 1984).

AFFIRMED.